IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

**Darrell I. Foxx,**
**Dunbar Development company LLC,**
**Paul L. Dunbar group, Inc., et al.,** ) Judge:
    Plantiff(s) )
)
V. )
) Magistrate Judge:
MICHAEL DOUGLAS, CHRISTOPHER CURRY, )
MAYOR BARBRA MALLET AND TOWN OF EAST) File No. 23CU205
SPENCER BOARD OF ALDERMEN, TOWN OF )
EAST SPENCER ZONING AND PLANNING )
BOARDS, Barbra Mallett, Delores High, )
Albert Smith, DeWayne Holmes, )
Curtis Cowan, John Noble, )
Shawn Rush, et al., )
    Defendants )

COMES NOW Plaintiffs Darrell I. Foxx, DUNBAR DEVELOPMENT COMPANY LLC, PAUL L. DUNBAR GROUP, INC., et al. by and through authorized representatives without waiving any rights, statutory or procedural, and files verified Emergency petition for Temporary Restraining Order and Preliminary Injunction and makes Pro Se complaint for Fraud, Conspiracy to Defraud, Collusion, Conspiracy of Rights, Deprivation of Rights Under Color of Law, Breach of Contract, and Violation of Due Process Rights against listed defendants, and seeking this Honorable Court to approve Plaintiffs' MOTION FOR SUMMARY JUDGEMENT and provide Plaintiffs with injunctive relief, and relief from defendants' fraudulent actions, including acting in a capricious, malicious, and unscrupulous manner to commit violations under North Carolina General Statutes, 128-1, 128-10, 128-11, 128-12, Further, defendants have violated federal statutes under Title 18 U.S.C. section 241 Conspiracy Against Rights,

1

Title 18 U.S.C Section 242 Deprivation of Rights Under Color of Law Title 28. Plaintiffs allege that pursuant to Section 15 of the Clayton Act, 15 U.S.C. § 25 ,Section 4 of the Sherman Act, 15 U.S.C. § 4, and Rule 65 of the Federal Rules of Civil Procedure, that this Court has authority to make for entry of a Temporary Restraining Order and Preliminary Injunction enjoining defendants Michael Douglas, Christopher Curry, Mayor Barbra Mallett and East Spencer Board of Aldermen, Albert Smith, Delores High, DeWayne Holmes, Curtis Cowan, John Noble, Shawn Rush et al., acting on its behalf to cease and desist from unwarranted abatement notices, unlawfully seizing, demolishing, attaching unlawful liens, and further, conspiring to obtain real property and assets belonging to Plaintiffs, pending entry by the Court of a final judgement in this action. Plaintiffs hereby submit this petition for Emergency Temporary Restraining Order and Rreliminary Injunction pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. Through this petition, Plaintiffs seek an immediate order directing Defendants Michael Douglas, Christopher Curry, Mayor Barbra Mallett and Board of Aldermen for Town of East Spencer et al., to refrain from enforcing Zoning and Planning Ordinances and Code Enforcement immediately. 1.This court has supplemental jurisdiction pursuant to 28 U.S.C. 1367 to hear and determine Plaintiffs' claims because those claims are related to Plaintiff's Federal claims and rise out of a common nucleus of related facts and create a controversy under Article III of the United States Constitution.

**Statement of Facts**

1. On March 1, 2021, defendants, Town of East Spencer, Mayor Barbra Mallett and Board of Aldermen entered into Public Private Partnership Joint Agreement with Plaintiffs, Dunbar Development Company LLC and the Paul L. Dunbar Group, Inc., and DIVA Construction Company Inc.

2

2. Defendants agreed to surplus properties for the project to established Public Private Partnership to initiate the development of 48 single-family homes as part of an infill lot development enterprise introduced to the defendants by the Plaintiffs. Action was taken in a meeting open to the public on March 1, 2021.
3. March 2, 2021, Plaintiffs engaged Antoine Smith and Stacy Robinson of DIVA Construction Company to initiate contact with Defendants, thereby identifying the 48 lots to assemble and evaluate for constructing homes and to negotiate prices per lot to the defendants. Town of East Spencer, by and through agents/employees, provided Antoine Smith and Stacy Robinson with a list of properties comprising the 48 lots in question.
4. On March 24, 2021, after a series of meetings with Defendants" Attorney and Staff, a ceremonial groundbreaking was held at 820 South Long Street, East Spencer, North Carolina 28039, site of the former, "Dunbar High School" to announce the Public Private Partnership and to educate the public about the development site for the "Dunbar Village at East Spencer". Defendants, Mayor and Board of Aldermen attended event and praised as well as promoted the project as part of the Public Private Partnership between the Defendants and the Plaintiffs.
5. On August 20,2021, Defendants hired Michael Douglas as Town Administrator. Douglas contacted Antoine Smith and Stacy Robinson of DIVA Construction following his hiring to establish a meeting to understand more about the Public Private Partnership with Plaintiffs.
6. In the August 20, 2021, meeting, Douglas offered to review the list of 48 properties and to authorize Antoine Smith and Stacy Robinson to move forward with negotiating the properties on behalf of the Public Private Partnership. After three weeks of the meeting, Antoine Smith and Stacy Robinson were contacted via email by Douglas and informed that the Board of aldermen had determined that the Public Private Partnership would receive only 8 of the smaller lots, and that he had contracted a realtor to manage the sale of the lots on behalf of the Town of East spencer.

**Violations of Statutory Laws Consistent with Apparent Conflicts of Interests and Self-Interests Constituting Fraud and Efforts to Defraud:**

Plaintiffs allege that Defendants, Michael Douglas and Town of East Spencer Mayor and Board of Aldermen breached its implicit contract with the Plaintiffs and further since the breach, and under the auspices of Douglas, Town administrator, have committed civil, state and federal violations, including fraud. Under North

3

Carolina Statutes 128-1, 128-10, 128-11, 128-12, regarding failure to properly dispose of surplus municipal properties.

Further, Defendants failed to host any public meetings, advertise, or post in local newspaper or otherwise Town's decision to dispose of surplus properties. Under Title 18 U.S.C. section 241 Conspiracy Against Rights, Title 18 U.S.C Section 242 Deprivation of Rights Under Color of Law Title 28, Defendants, specifically Michael Douglas and Christopher Curry Code Enforcement Officer, unlawfully initiated abatement procedures against Plaintiffs" and Plaintiffs' properties and assets without proper notification, and without utilizing certified mailing to ensure proper notice and time to respond was provided.

Defendants attached lien to Plaintiffs' properties without probable cause and after not demonstrating that any work was done at cost to the Defendants. Christopher Curry informed Plaintiff on February 27, 2023, that Defendants would approve ordinance on March 15, 2023, allowing defendants to authorize demolition of Plaintiffs assets and properties and the Defendants to place lien on property to take possession and sell for development of houses. Defendant Christopher Curry Informed Plaintiff that unless through an act of God, Plaintiffs would not be able to protect their properties from demolition, lien, and seizure.

Plaintiffs assert that there is a substantial likelihood that Plaintiffs will establish at trial other glaring violations of state and federal statutes, including conspiracy to defraud Plaintiffs and other property owners. Conflicts of interests among elected officials and businesses contracted to provide services for the

4

municipality, and other potential lapses of judgement in the fiscal management of the municipality.

Here, the proposed pleading includes causes of action against Plaintiffs without notice of violations or due process of law. Erroneous, willful, and deceitful actions by defendants Michael Douglas and Christopher Curry are aligned with fraud and conspiracy to defraud Plaintiffs and other property owners through a scheme of unlawful coercement, bullying, and other capricious activities for self-enrichment. Conspiracy by defendants et al., include, breach of contract, breach of contract accompanied by a fraudulent acts, negligent misrepresentation, fraud, constructive fraud, and other violations under North Carolina law and federal law. This Court will find it necessary in this litigation for the Court to make determinations as to whether various corporate acts carried out by defendants, defendants' agents, officers, and actors, and proposed additional parties were indeed ultra vires.

## Title 18 U.S.C. Section 241 Conspiracy Against Rights

This statute makes it unlawful for two or more persons to conspire to injure, oppress, threaten, or intimidate any person of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the United States, (or because of his/her having exercised the same). It further makes it unlawful for two or more persons to go in disguise on the highway or on the premises of another with the intent to prevent or hinder his/her free exercise or enjoyment of any rights secured.

5

## Title 18 U.S.C. 242 Deprivation of Rights Under Color of Law

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subject any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien or by reason of his color, or race than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned no more than one year or both.

### Conclusion and Prayer for Relief

Indeed, the Emergency Temporary Restraining Order and Preliminary Injunction granted by this Court, to Plaintiffs is just and within this Court's power and discretion to grant. Plaintiffs seek compensatory damages for injuries and damages caused by defendants willful, wanton, malicious, and unscrupulous conduct towards Plaintiffs. A judgment for money damages against the defendants would provide financial relief to Plaintiffs who have lost significant financial opportunities and time in trying to establish a local asset for those living under chronic poverty and poor socioeconomic conditions.

Plaintiffs seek monetary damages to restore them to the status prior to the commencement of the unlawful and illegal acts of fraud and conspiracy imposed on Plaintiff by defendants. Plaintiffs pray that this Court will grant favorable monetary damages consistent with the financial loss experienced by Plaintiffs of market prices for land development and affordable housing units.

Plaintiffs assert that the production of records, minutes, document reviews of contracts let by the municipality will demonstrate that Plaintiffs are truthful, and the

6

overwhelming evidence of those documents will allow the plaintiffs to prevail and move forward to make the community safer and better. Plaintiffs, Darrell I. Foxx, DUNBAR DEVELOPMENT COMPANY LLC, and PAUL L. DUNBAR GROUP Inc., regrets the emergency nature of this petition and prays the Court grants the following relief: Plaintiffs also request that this Honorable Court grant to Plaintiffs the following:

1. Plaintiffs request that this Court, in light of the allegations made by Plaintiffs, grant Plaintiff's request for the defendants to "produce of all copies of communications between the parties, email exchanges, contracts, posted advertisement for services by contractors, financial records for land transactions, liens, work orders, certified mailings by Planning and Zoning officers, Board of Adjustments, et al.

2. Compel proof of assignments, liens, and any other instrument that proves any claims by any alleged holders in due course.

3. Compel defendants to comply with all applicable local, state, and federal statutes and regulations, and to compel defendants to cease and desist from all activities relevant to abatement of Plaintiffs; properties and other property owners subject to the same capricious, unscrupulous, and malicious conduct as alleged by Plaintiffs.

4. Plaintiffs request Court to grant a trial by jury to enable Plaintiffs to seek prosecution for damages and injury:
    a. For all court costs and court-related fees.
    b. For any and all other relief allowed by law and/or which this Court deems just and proper.

5. Plaintiffs also request this Court order defendants to remove unwarranted liens from Plaintiffs' properties and process satisfaction of lien amount of $13,000.

6. Compel defendants to validate debt levied against Plaintiffs.

WHEREFORE, this Court respectfully should grant Plaintiff, Darrell I. Foxx, DUNBAR DEVELOPMENT COMPANY LLC, and PAUL L. DUNBAR GROUP's petition to the additional parties and serve its proposed pleading upon them.

Dated March 7, 2023

Respectfully Submitted

Darrell I. Foxx, Pro Se
Authorized Representative
507 West Innes Street
Salisbury, NC 28144
980.234.5489
dunbardevco@outlook.com

## Certificate of Service

**CERTIFICATE OF SERVICE:** I hereby certify that I have this 7th day of March 2023 served the Defendants, et al., within and foregoing notice to THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA by filing a COMPLAINT and depositing a copy of the same in the United States Mail in a properly addressed envelope with sufficient postage certified mail affixed thereto to ensure delivery to the following address

Michael Douglas
Town of East Spencer
105 S. Long Street
East Spencer, NC 28039

8

This 7th day of March 2023

_____
Darrell I. Fox
507 West Innes Street
Salisbury, NC 28144
East Spencer, NC 28039
980.234.5489
**dunbardevco@outlook.com**

9